IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LOUIS OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3300 |
| | ) | |
| LEANN BROWN, MARK SCERVITCH, ROBERT SCHILLER, TOM ROSENE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants Leanne Brown and Mark Skertich's Motion to Dismiss (d/e 8) and Defendant Tom Rosene's Motion to Dismiss (d/e 13).[1]  Plaintiff Louis Owens filed the pending pro se Complaint (d/e 2) under 42 U.S.C. § 1983 against state and local school officials, seeking injunctive relief.  Complaint, p. 6.  Plaintiff alleges that his rights were violated when school officials failed to investigate incidents that occurred at school involving two of Plaintiff's minor children.  Plaintiff's

---

[1] The record reveals that "Leanne Brown" and "Mark Skertich" are the correct spellings of these Defendants' names.

1

prayer for relief asks the Court to order Defendants Brown, Skertich, and Schiller to explain why they failed to do anything about the incidents in question. Plaintiff also asks the Court to have his children returned to him. For the reasons set forth below, Plaintiff's claims are dismissed.

## BACKGROUND

In analyzing the Motions to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the Plaintiff. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Plaintiff has attached copies of numerous documents to his Complaint. Defendants have not asked the Court to strike any of these attachments. "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Thus the Court will consider the information set forth in Plaintiff's attachments in analyzing the Motions to Dismiss.

According to the allegations of the Complaint, in September or October 2005, Plaintiff's son Louis Owens' head was stuck in a toilet in the bathroom of his elementary school in Staunton, Illinois.[2] Plaintiff asserts that Defendant Brown was aware of the incident involving Louis and failed to report it.  The Complaint also references an incident of sexual molestation involving Plaintiff's son Robert Owens that occurred in the school bathroom in 2004.  Plaintiff alleges that Brown knew about the incident involving Robert and failed to report it or to notify the other child's parents.  The attachments to the Complaint, however, seem to indicate that Brown called either the Plaintiff or the child's mother, Bernadette Hiskey, to inform him/her of the incident involving Robert.  <u>Complaint</u>, Ex. 1, p. 5.  Plaintiff further alleges that Defendant Skertich was asked to investigate the incident involving Robert and failed to do so.

The attachments to the Complaint include a letter from the Illinois Department of Children and Family Services (DCFS) to Plaintiff dated October 26, 2005.  <u>Complaint</u>, Ex. 2, p. 14.  The letter indicates that DCFS received a report of child abuse or neglect by Plaintiff.  The letter states that

---

[2]For clarity, the Court will refer to Plaintiff Louis Owens as "Plaintiff" and the child Louis Owens as "Louis."

3

after a thorough investigation, DCFS determined that Plaintiff "abused or neglected a child." According to the Complaint, it was not until after Plaintiff tried to force Defendants Brown, Skertich and Schiller to "do their job that the calls started with DCFS." Complaint, p. 6. One of the attachments to the Complaint alleges "We try and do the right thing as parents & because we were going over their heads they make up lies to DCFS . . . ." Complaint, Ex. 2 , p. 5. The Court liberally construes Plaintiff's submissions to allege that certain individuals lied to DCFS in order to retaliate against the Plaintiff for "going over their heads" in seeking to have the bathroom incidents investigated. The attachments to the Complaint also include a Temporary Custody Order from the Circuit Court of Madison County, Illinois, dated November 10, 2005, which awarded DCFS temporary custody of Plaintiff's four minor children. Id., p. 17-20.

## ANALYSIS

A.   Robert Schiller

The record reveals that Plaintiff has failed to serve Defendant Schiller with a summons and copy of the Complaint as required under Federal Rule of Civil Procedure 4. By Text Order dated July 24, 2006, the Court gave Plaintiff notice of this deficiency. The Court notes that Plaintiff has now

informed the Court that Defendant Schiller was incorrectly identified as Bob Sheers originally. While Plaintiff asked the Court to correct the name for the record, Plaintiff has nevertheless failed to serve Defendant Schiller after discovering his true name. Therefore, Plaintiff's claims against Defendant Schiller are dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m).

  B. <u>Tom Rosene</u>

Defendant Rosene of the Illinois State Board of Education is named in the caption of the Complaint; however, there are no allegations involving Rosene in the body of the Complaint and the Complaint does not seek any relief against Rosene. Attached to the Complaint is a letter that Plaintiff and the children's mother wrote to the Governor of the State of Illinois dated November 15, 2005. <u>See</u> <u>Complaint</u>, Ex. 1, p. 5-7. The letter reads as follows, "last month Tom Rosene was told about what happen [sic] to Louis and ignored that & didn't Report or do anything about it either . . ." This is the sole allegation relating to Rosene in the Complaint and attachments.

  Under the federal notice pleadings standard, a complaint must include both "a short and plain statement of the claim showing that the pleader is

5

entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The complaint need not plead facts, but must provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). In the instant case, the Complaint fails to seek any relief relating to Defendant Rosene. Dismissal of Defendant Rosene is, therefore, appropriate on this basis. Moreover, Plaintiff's Complaint seeks only injunctive relief. As the Seventh Circuit has recognized in the § 1983 context, "When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." Al-Alamin v. Gramley, 926 F.2d 680, 685 (7th Cir. 1991). The allegations of the Complaint and attachments are insufficient to establish a continuing violation of federal law by Defendant Rosene. Plaintiff, thus, fails to state a claim against Rosene.

In response to Rosene's Motion to Dismiss, Plaintiff has set out additional factual allegations involving Rosene. Plaintiff's Response to Defendant's Motion to Dismiss (d/e 16). Even if the Court were to liberally construe Plaintiff's pro se Response as a request to amend the Complaint, such an amendment would be futile. At no point does Plaintiff request any

relief relating to Rosene. Furthermore, the additional allegations set out in Plaintiff's Response are again insufficient to establish a continuing violation of federal law by Defendant Rosene. Thus, even if these additional allegations were set out in a complaint, Plaintiff would fail to state a claim against Defendant Rosene. Rosene's Motion to Dismiss is allowed.

C.  Leanne Brown and Mark Skertich

Defendant Brown is a kindergarten teacher at Staunton Elementary School. Defendant Skertich is the principal of Staunton Elementary School. Plaintiff's prayer for relief asks that Brown and Skertich be forced to explain why they did nothing about the two bathroom incidents and further, that Plaintiff's children be returned.[3] Complaint, p. 6. Brown and Skertich assert that Plaintiff's claims against them should be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), because they are immune from liability under the Illinois Abused and Neglected Child Reporting Act (Reporting Act), 325 ILCS 5/1 et seq, and because Plaintiff fails to state a claim upon which relief can be granted.

---

[3] The Court is also in receipt of a letter from the mother of Plaintiff's children, Bernadette Hiskey, requesting that a warrant be issued for Brown and that the Court enjoin Brown's job. Letter from Bernadette Hiskey dated November 21, 2006 (d/e 22), p. 28. As the Court has previously noted, Hiskey is not a party to this lawsuit. Moreover, a warrant is not a remedy available in this civil lawsuit and there are no allegations that would establish a continuing violation of federal law by Brown.

Defendants Brown and Skertich's Reporting Act argument is unpersuasive. To the extent such immunity would apply in a § 1983 case, the statute is inapplicable given the allegations of the Complaint, which the Court must view as true at the motion to dismiss stage. The Reporting Act shields from liability "[a]ny person . . . participating in good faith in the making of a report or referral . . . ." 325 ILCS 5/9. Good faith is presumed for required reporters under the Act, a group which includes school personnel such as Brown and Skertich. See id.; 325 ILCS 5/4. The presumption of good faith, however, is rebuttable. Poulos v. Lane, 659 N.E.2d 34, 37 (Ill. App. 1st Dist. 1995). Plaintiff alleges that Brown and Skertich lied to DCFS in order to retaliate against him. Such conduct, if true, would fall outside the scope of 325 ILCS 5/9.

Turning next to the question of jurisdiction, to the extent that Plaintiff asserts that the state court erred in awarding temporary custody of his children to DCFS, his claims are barred by the Rooker-Feldman doctrine because they would require the Court to evaluate the propriety of the Madison County temporary custody order. See T.W. by Enk v. Brophy, 124 F.3d 893, 898 (7th Cir. 1997); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman,

460 U.S. 462 (1983).  Moreover, because there is nothing in the record to indicate that Brown or Skertich have any control over the custody of the children, an injunction ordering them to return of the children would be futile.

Claims asserting injuries arising out of a defendant's actions during a custody proceeding, however, are not barred by Rooker-Feldman.  As the Court has previously noted, one of the attachments to the Complaint alleges, "We try and do the right thing as parents & because we were going over their heads they make up lies to DCFS . . . ." Complaint, Ex. 2 , p. 5.  As an initial matter, Plaintiff fails to identify who allegedly lied to DCFS.  As a result, these allegations fail to provide the Defendants with the requisite "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47.  Even assuming allegations that Brown and Skertich lied to DCFS to retaliate against Plaintiff, Plaintiff's claims against the two must nevertheless be dismissed.  As previously noted, Plaintiff has expressly limited the relief he seeks to injunctive relief.  The allegations of the Complaint and its attachments that relate to the custody proceedings are insufficient to establish a continuing violation of federal law by Defendants Brown and Skertich.  Injunctive relief against these

Defendants is, therefore, inappropriate.  See <u>Al-Alamin</u>, 926 F.2d at 685.

Plaintiff's request for an order forcing Brown and Skertich to explain why they did nothing about the two bathroom incidents is similarly unavailing.  Again, the allegations of the Complaint and its attachments that relate to this issue are insufficient to establish a continuing violation of federal law by Defendants Brown and Skertich, making injunctive relief inappropriate.  As a result, Plaintiff's claims against Brown and Skertich must be dismissed because he fails to state a claim upon which relief may be granted.

THEREFORE, Plaintiff's claims against Robert Schiller are dismissed without prejudice for failure to prosecute.  Defendants Leanne Brown and Mark Skertich's Motion to Dismiss (d/e 8) and Defendant Tom Rosene's Motion to Dismiss (d/e 13) are ALLOWED.  Plaintiff's claims against these three Defendants are dismissed for the reasons set forth above.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: __December 11__, 2006.

      FOR THE COURT:

                                      s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE